IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America     ) | CR/A No. 6:18-cr-00181-DCC-1 |
| ) | |
| v.     ) | **OPINION AND ORDER** |
| ) | |
| Larry Anthony Ladson, Jr.     ) | |
| _____ ) | |

This matter is before the Court on Defendant Larry Anthony Ladson, Jr.'s Pro Se Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255. ECF No. 137. In response, the Government filed a Response in Opposition and Motion for Summary Judgment. ECF No. 147. Mr. Ladson filed a Reply to the Government's Response, an Affidavit in Opposition to the Government's Motion, and a Response in Opposition to the Government's Motion. ECF Nos. 149, 153, 155. For the reasons set forth below, the Court grants the Government's Motion for Summary Judgment and dismisses Mr. Ladson's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 without a hearing.

## **BACKGROUND**

Following a two-day jury trial, Mr. Ladson was convicted on October 18, 2018, of knowingly, intentionally, and unlawfully possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). ECF Nos. 84, 85, 87. On April 10, 2019, Mr. Ladson was sentenced to 240 months of imprisonment and 10 years of supervised release. ECF No. 109. On April 12, 2019, Mr. Ladson appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, which affirmed.

ECF Nos. 112, 128, 129.  Thereafter, on February 16, 2021, Mr. Ladson filed a Pro Se Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255.  ECF No. 137.  In response, the Government filed a Response in Opposition and Motion for Summary Judgment.  ECF No. 147.  Mr. Ladson filed a Reply to the Government's Response, an Affidavit in Opposition to the Government's Motion, and a Response in Opposition to the Government's Motion.  ECF Nos. 149, 153, 155.  The Motions are now before the Court.

## APPLICABLE LAW

### *Habeas Corpus Relief under 28 U.S.C. § 2255*

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence.  *See* 28 U.S.C. § 2255.  The prisoner may be entitled to relief upon a showing that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. *Id.*  However, § 2255 motions that allege violations of federal law are generally cognizable only if they involve a "fundamental defect which results in a complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 346 (1974).  "A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of evidence."  *White v. United States*,

352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) and *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)).

In ruling on a § 2255 motion, the court may dismiss the motion without a hearing when it conclusively shows from the attached exhibits and the record of prior proceedings that the moving party is not entitled to relief. *See* 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

***Federal Rule of Civil Procedure 56***

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present

evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment.  *See id.* at 248.

### *Liberal Construction of Pro Se Filings*

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C.A. No. 7:12–cv–01818–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012).  Additionally, pro se documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief."  *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).  Although pro se documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view pro se complaints does not transform the court into an advocate."  *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

Mr. Ladson moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on his allegation of racial bias in charging and prosecuting him for his offense of conviction.[1]  ECF Nos. 137 at 9; 149 at 1.  Specifically, Mr. Ladson claims that a white male owned the home where he and the drugs were found, but only he was

---

[1] In his Reply to the Government's Response in Opposition and Motion for Summary Judgment, Mr. Ladson indicates his desire to waive the following grounds for relief under 28 U.S.C. § 2255: (1) ineffective assistance of counsel for failure to object to the Court's use of a master jury wheel for jury selection; (2) inadequate and defective voir dire; and (3) ineffective assistance of counsel for failure to file a motion to suppress certain evidence.  ECF No. 149 at 1.  He states that he only wishes to pursue his claim based on an allegation of racial bias in charging and prosecuting him.  Accordingly, the Court will address this remaining ground.

4

arrested and charged with a drug crime.[2] ECF No. 149 at 2–3. Although Mr. Ladson is uncertain to whom the drugs belonged and whether they in fact belonged to the homeowner, he nonetheless believes the homeowner was "a more culpable defendant [who] was prominently available" to be charged and prosecuted because he was the legal owner of the residence in which the drugs were found. ECF Nos. 137 at 9; 149 at 2; 157 at 4.

In response, the Government argues that Mr. Ladson has failed to substantiate his claim of racial bias in the prosecution of his case because he has not presented or alleged any evidence of actual vindictiveness. ECF No. 147 at 9–10. Instead, Mr. Ladson has simply alleged that he, a black male, was indicted, but the homeowner, a white male, was not indicted. *Id.* at 10. The Government contends that the mere fact of Mr. Ladson's prosecution cannot serve as the basis for his vindictiveness argument. *Id.* Consequently, the Government claims Mr. Ladson's allegation of racial bias constitutes an uncorroborated conclusion, rather than an argument supported by statements of fact, that is insufficient to merit relief in a § 2255 action. *See id.* at 8. Moreover, in the event Mr. Ladson's claim is construed outside of the ineffective assistance of counsel context, the Government asserts it should not be considered on the merits because Mr. Ladson failed to raise the substantive claim on direct appeal. *Id.* Because Mr. Ladson has failed to

---

[2] Exhibit 1 to Mr. Ladson's Reply includes the Fountain Inn Police Department Report, which indicates that the white male homeowner was Michael Landrum and that he was arrested and charged with Interfering with a Police Investigation because when Mr. Landrum was first asked if anyone was in the home, he said no, and when asked again, he said his roommate might be inside. ECF No. 149-1 at 2, 5. Mr. Landrum later explained that he initially told police no one was in the home because he knew that Mr. Ladson had outstanding arrest warrants. *Id.* at 4. Mr. Landrum was given a Personal Recognizance Bond and released. *Id.* at 5.

prove that the Government acted with genuine animus toward him and that he would not have been prosecuted but for the animus, the Government requests that the Court grant its Motion for Summary Judgment. *Id.* at 11 (citing *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001) ("To establish prosecutorial vindictiveness, a defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for the animus.")).

After careful consideration of the record, the arguments of the parties, and the applicable law, the Court finds Mr. Ladson is not entitled to relief under § 2255 based upon his allegation of racial bias in his charging and prosecution. At the outset, the Court notes that this issue was not raised at trial or on direct appeal and is, therefore, procedurally defaulted. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Cause "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* at 493. "Demonstrating a potential 'miscarriage of justice' requires a showing of movant's 'actual innocence by clear and convincing evidence.'" *Hayes v. United States*, 2012 WL 933188, at *1 (D. Md. Mar. 19, 2012) (quoting *Mikalajunas*, 186 F.3d at 493). Here, Mr. Ladson fails to meet this standard because he has not demonstrated cause, actual prejudice, or actual innocence in support of his claim. Because Mr. Ladson has not presented any evidence of cause, prejudice, or actual innocence, his claim is deemed waived under the

procedural default rule. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.").

Even if Mr. Ladson's claim were not subject to the procedural default rule, it also fails on the merits. "When acting on probable cause that a crime has been committed, a government prosecutor generally enjoys unfettered discretion in the decision whether to prosecute." *United States v. Olvis*, 97 F.3d 739, 743 (4th Cir. 1996). However, "[p]rosecutorial discretion is subject to the equal protection component of the Due Process Clause of the Fifth Amendment, which prohibits prosecutorial decisions based on 'an unjustifiable standard such as race, religion, or other arbitrary classifications.'" *Hayes*, 2012 WL 933188, at *2 (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). To establish a claim for selective prosecution, "[t]he claimant must demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *Armstrong*, 517 U.S. at 465 (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985)). Here, although Mr. Ladson claims that the prosecutor's decision had a discriminatory effect because an ostensibly similarly situated individual of a different race was not prosecuted, he has presented no evidence that his prosecution was motivated by a discriminatory purpose. *See Wayte*, 470 U.S. at 610 (noting that absent a showing of discriminatory purpose, a claim for selective prosecution must fail). Alternatively, Mr. Ladson has not established prosecutorial vindictiveness because he has not presented any evidence that the prosecutor acted with genuine animus toward him and that he would not have been prosecuted but for that animus. *See Wilson*, 262

F.3d. at 314 (noting a defendant must show that the prosecutor acted with genuine animus toward the defendant and that the defendant would not have been prosecuted but for that animus to establish prosecutorial vindictiveness).  Accordingly, Mr. Ladson is not entitled to relief under 28 U.S.C. § 2255.

## CONCLUSION

For the reasons set forth above, the Government's Motion for Summary Judgment [147] is **GRANTED**, and Defendant's Pro Se Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [137] is **DISMISSED**.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 16, 2022
Spartanburg, South Carolina